**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

                      **Plaintiff,**

     v.                                    **1:07-CR-376**
                                             **(GLS)**

**TRAVIS HESTER,**

                        **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE UNITED STATES:**

HON. GLENN T. SUDDABY         THOMAS SPINA, JR.
United States Attorney             Assistant U.S. Attorney
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

**FOR DEFENDANT:**

HON. ALEX BUNIN                 TIMOTHY E. AUSTIN
Federal Public Defender          Assistant Federal Defender
39 North Pearl Street, 5th Floor
Albany, New York 12207

**Gary L. Sharpe**
**District Court Judge**

## Decision and Order

**I.**    **Introduction**

Pending is Travis Hester's omnibus motion seeking (1) dismissal of the indictment and (2) suppression of his statements. For the reasons that follow the motion to dismiss the indictment is denied, and the decision to suppress is reserved pending a hearing.

## II. Facts[1]

On October 13, 2006, Hester pled guilty to a violation of New York State Penal Law Section 130.55 (Sexual Abuse in the Third Degree), a class A misdemeanor. On that same date, Hester also pled guilty to a violation of New York State Penal Law Section 130.52 (Forcible Touching), a class A misdemeanor, in an unrelated case. On December 7, 2006, he was sentenced to ninety days imprisonment and six years probation on the first charge and sixty days imprisonment and six years probation on the second. As a result of these convictions, Hester was required to register as a sex offender in New York State.

On or about December 7, 2006, Hester initially registered as a sex offender in New York State. He signed a New York State "Sex Offender Registration Form." He initialed a portion of this form which specifically advised him of his obligation to notify New York State officials of any

---

[1] The facts are taken from the parties documents and exhibits.

2

change of address or employment within ten days of such change.  He also initialed a portion of the form which advised him that if he moved to another state or began working in another state, he would be required to register as a sex offender in that state.

On January 18, 2007, Hester completed and signed a "New York State Sex Offender Change of Address Form."  On February 1, March 26, and April 10, he signed forms indicating that he had moved to various addresses in Schenectady.  After April 10, New York State officials were unable to locate him.  On April 12, the Schenectady County Probation Department concluded that Hester had absconded from their supervision and had relocated to Florida.  On April 24, a New York State Judge issued an arrest warrant for Hester based on a petition alleging probation violations.  Hester failed to notify New York State officials that he had moved to Florida or obtained new employment.

On August 22, 2007, a federal grand jury returned a two count indictment charging Hester with violations of 18 U.S.C. § 2250(a) (Failure to Register).  Count 1 charges that between April and July 2007, Hester traveled from New York to Florida and failed to update his sex offender registration in New York State.  Count 2 charges that he failed to register

as a sex offender in Florida between April and July 2007.

## III. Discussion

### A. The Walsh Act

The Adam Walsh Child Protection and Safety Act ("Walsh Act") was signed into law on July 27, 2006. Title I of the Walsh Act is comprised of the Sex Offender Registration and Notification Act ("SORNA"). Pub. L. No.109-248, §§ 1-155,120 Stat. 587, 590-611 (2006). SORNA establishes a national sex offender registry, the stated purpose of which is "to protect the public from sex offenders and offenders against children." See 42 U.S.C. § 16901. The Act provides that every jurisdiction shall maintain a jurisdiction-wide registry conforming to specified requirements. *Id.* at §16912. SORNA, through 18 U.S.C. § 2250, also imposes registration requirements on sex offenders who are subject to federal jurisdiction and imposes a maximum penalty of ten years imprisonment on those who fail to register. The elements of a § 2250(a) failure to register charge are that a defendant: (1) was a sex offender as defined under SORNA and, therefore, required to register under SORNA; (2) traveled in interstate commerce; and (3) knowingly failed to register or update a registration as required by SORNA. 18 U.S.C. § 2250(a). (For a fuller discussion of the Walsh Act,

4

see *inter alia United States v. Adkins*, No. 1:07-CR-59, 2007 WL 4335457 (N.D. Ind. Dec. 7, 2007) and *United States. v. Pitts*, No. 07-157-A, 2007 WL 3353423 (M.D. La. Nov. 7, 2007)).

Hester now contends that the indictment must be dismissed because the government cannot establish an essential element of the offense. Specifically, he argues that he is not a person required to register under SORNA since neither New York nor Florida have implemented SORNA. Additionally, he argues that the application of SORNA to him violates his constitutional rights to due process because he did not have actual notice of the statute.

These arguments are without merit. While it may be true that the states have until July 2009 to implement certain administrative portions of the statute, the statute itself became effective in July 2006. Therefore, whether mandated by New York, Florida or SORNA, registering is not optional. As the Government correctly points out, Hester was a person convicted of a sex offense, thus required to register under the statute. Moreover, both New York and Florida required that he register. In addition, even if he moved from the state, Hester was informed of his obligation to register as demonstrated by his initialing of the New York sex offender

5

registration form.  Thus, Hester had sufficient notice that failure to register and update his registration was illegal . See *Pitts*, 2007 WL 3353423, at *7 (Analyzing whether a defendant had "fair notice" and whether registration was an impossibility, the court found that since Virginia and the state to which the defendant moved, Louisiana, required him to register, he had sufficient notice that his failure to register and update his registration was illegal.).

Furthermore, compliance was not impossible, despite arguments to the contrary.  As mentioned, both states had maintained sex offender registries both before and after the enactment of the Walsh Act.  As the *Adkins* court noted, "the fact that the states have not yet met their obligations under SORNA...is of no consequence in determining whether it was possible for [a] defendant to meet his own obligations under the Act." *Adkins*, 2007 WL 4335457, at *6.  Moreover, it is not necessary for a defendant to know precisely which statute he is violating in order to be held liable under the law.  See *United States v. Roberts*, No. 6:07-CR-70031, 2007 WL 2155750, at *2 (W.D. Va. July 27, 2007) ("Few offenders have ever had relevant sections of the U.S. Code read to them before committing their crimes, yet they are expected to comply with it even so.").

Accordingly, it is irrelevant whether Hester knew specifically that he was in violation of SORNA. The record is clear that he knew he had to register and failed to so do. Thus, the motion to dismiss the indictment is denied.

## IV. Conclusion

Accordingly, and for the reasons stated herein, it is hereby

**ORDERED** that the motion to dismiss the indictment is DENIED; and it is further

**ORDERED** that the Clerk contact the parties and schedule a suppression hearing.

**SO ORDERED.**

Date:  February 7, 2008
       Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge